# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

CROCS, INC., a Delaware corporation;

Plaintiff,

v.

WALGREEN, CO., an Illinois corporation;

Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Crocs, Inc. ("Crocs"), for its Complaint against Walgreen, Co. ("Walgreens"), states as follows:

## NATURE OF THE ACTION

1. This is an action at law and in equity for patent infringement, arising under the Patent Act, 35 U.S.C. §§ 1, et seq.

2. Walgreens manufactures, uses, offers for sale, sells, and/or imports molded footwear throughout the United States that blatantly copies Crocs' well-known footwear design and infringes on Crocs' rights in U.S. Patent No. D610,784 and U.S. Patent No. 6,993,858. Walgreens' products are not manufactured by Crocs, nor is Walgreens connected or affiliated with, or authorized by, Crocs in any way. This action seeks injunctive relief and monetary damages to remedy the harm to Crocs caused by Walgreens' infringement of Crocs' patent rights.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Crocs, Inc. ("Crocs") is a Delaware corporation with a principal place of business at 7477 E. Dry Creek Parkway, Niwot, Colorado 80503.

4. On information and belief, Walgreen, Co. ("Walgreens") is an Illinois

corporation with a principal place of business at 200 Wilmot Road, Deerfield, IL 60015.

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because this case is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. The Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this case presents well-pleaded federal questions arising under the Patent Act, 35 U.S.C. §§ 1, et seq.

7. The exercise of *in personam* jurisdiction over Walgreens comports with the laws of the State of Colorado and the constitutional requirements of due process because Walgreens and/or its agents transact business and/or offer to transact business within Colorado.

8. Specifically, Walgreens advertises, offers for sale, sells, and distributes molded foam footwear throughout the United States, including within the State of Colorado.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), as a substantial part of the events or omissions giving rise to Crocs' claims occurred within this District.

## GENERAL ALLEGATIONS

## CROCS, INC.

10. Crocs is a designer, manufacturer and marketer of Crocs™-branded footwear for men, women and children, which incorporate Crocs' patented designs and technology.

11. Crocs™ footwear is sold through a wide range of distribution channels, including department stores, specialty footwear stores, sporting goods retailers, and outdoor retailers. Crocs™ footwear is also sold through a variety of specialty channels, including gift shops, uniform suppliers, independent bicycle dealers, specialty food

retailers, and health and beauty stores. Crocs distributes its products in over 125 countries worldwide. In addition, Crocs sells its footwear through its websites, including but not limited to, www.crocs.com and www.crocsrx.com, and in kiosks in shopping malls throughout the country. The Crocs brand has become well-known for the design, manufacture and sale of distinctive molded footwear and related products worldwide.

## THE '858 PATENT

12. On February 7, 2006, the U.S. Patent and Trademark Office duly, properly and legally issued U.S. Patent No. 6,993,858 B2, entitled "Breathable Footwear Pieces," with Crocs as the assignee. A copy of the '858 Patent is submitted with this Complaint as **Exhibit A.**

13. On February 24, 2010, the Federal Circuit issued a decision confirming that the '858 patent and all of its claims were valid over the prior art. The Federal Circuit's decision also acknowledges the fact that Crocs' shoes, which practice the '858 patent, enjoyed a great deal of commercial success and industry praise and that others in the industry have been copying Crocs' inventions.

## THE '784 PATENT

14. Crocs is the owner of U.S. Patent No. D610,784 (the "'784 Patent"), entitled "Footwear," which was duly and legally issued by the U.S. Patent and Trademark Office on March 2, 2010. A true and correct copy of the '784 Patent is attached hereto as **Exhibit B**.

15. The '784 Patent claims an ornamental design for footwear as shown and described in the following figures:


FIG.1


FIG.2


FIG.3



16.     In November 2009, Crocs launched a new molded footwear design, the Crocband™ model footwear, which is protected by the '784 Patent. The Crocband™ model footwear combines the iconic look of Crocs™ molded footwear with a sporty midsole band evoking the retro sneaker style.  The Crocband™ model footwear has been an enormous worldwide success. The Crocband™ footwear line have quickly become some of Crocs' best selling products.

## WALGREENS SALES OF INFRINGING FOOTWEAR

17.     Walgreens manufactures, uses, offers for sale, sells, and/or imports molded footwear throughout the United States, including within the State of Colorado.  For example, Walgreens sells "Caribbean Cartel" footwear at its store located in Longmont, Colorado.

18.     The molded footwear, including the "Caribbean Cartel" footwear manufactured, used, offered for sale, sold, and/or imported by Walgreens are not manufactured by Crocs, nor is Walgreens associated or connected with Crocs, or licensed, authorized, sponsored, endorsed, or approved by Crocs in any way. Crocs has never provided any authorization, license, assignment, or other permission to Walgreens to use the '784 or '858 Patents.

## WALGREENS' INFRINGEMENT IS WILLFUL

19. Walgreens' intentional and bad faith conduct is evident from the fact that the "Caribbean Cartel" footwear products are obvious imitations of well-known and successful Crocs styles, including but not limited to Crocs' well-known Crocband™ design.

20. Further, Crocs contacted Walgreens on June 9, 2011 notifying Walgreens of its infringement and requesting that Walgreens cease all further offers for sale, sales, and/or distribution of the "Caribbean Cartel" footwear, as well as any other footwear that is substantially similar to the '784 Patent and destroy any remaining inventory of the "Caribbean Cartel" footwear. Despite this express notification of infringing activity, Walgreens informed Crocs on September 1, 2011 that it wished to continue to sell its existing infringing inventory and further notified Crocs that it still had large amounts of "Caribbean Cartel" infringing footwear in inventory.

21. Walgreens' continued sale, offering for sale, importation, and distribution of molded footwear, including without limitation, the "Caribbean Cartel" footwear, infringes the '784 and '858 Patents. These infringing actions have resulted in irreparable harm to Crocs for which Crocs has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

Infringement of the '784 Patent – 35 U.S.C. § 1, et seq.

22. Crocs hereby incorporates each of the preceding paragraphs as if fully set forth herein.

23. Walgreens has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, sell, and/or import footwear products, including but not limited to the "Caribbean Cartel" products that infringe the '784 Patent, in violation of 35 U.S.C. § 271(a).

24. As a result of Walgreens' infringement of Crocs' rights in the '784 Patent, Crocs has suffered and will continue to suffer damages in an amount to be proved at trial.

In addition, Crocs is entitled to recovery of Walgreens' profits pursuant to 35 U.S.C. § 289.

25. Walgreens' infringement of the '784 Patent has been with full knowledge of the '784 Patent and Crocs' rights therein. Walgreens' continued infringement with full knowledge of '784 Patent and Crocs' rights therein is willful.

26. Walgreens' willful infringement of Crocs' rights in the '784 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Crocs' reasonable attorney's fees and costs under 35 U.S.C. § 285.

27. Walgreens' infringement of the '784 Patent has caused irreparable harm to Crocs, and will continue to do so unless enjoined. As a result, Crocs is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## SECOND CLAIM FOR RELIEF
Infringement of the '858 Patent – 35 U.S.C. § 1, et <u>seq.</u>

28. Crocs hereby incorporates by reference the foregoing paragraphs.

29. Walgreens has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer to sell, sell, and/or import footwear products, including but not limited to the "Caribbean Cartel" products that infringe the '858 Patent, in violation of 35 U.S.C. § 271(a).

30. As a result of Walgreens' infringement of Crocs' rights in the '858 Patent, Crocs has suffered and will continue to suffer damages in an amount to be proved at trial. In addition to actual damages, Crocs is entitled to recovery of Walgreens' profits pursuant to 35 U.S.C. § 289.

31. Walgreens' infringement of the '858 Patent is or has been with full knowledge of the '858 Patent and Crocs' rights therein. Walgreens's continued infringement with full knowledge of '858 Patent and Crocs' rights therein is willful.

32. Walgreens' willful infringement of Crocs' rights in the '858 Patent warrants

an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of Crocs' reasonable attorney's fees and costs under 35 U.S.C. § 285.

33. Walgreens' infringement of the '858 Patent has caused irreparable harm to Crocs, and will continue to do so unless enjoined. As a result, Crocs is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Crocs prays for entry of judgment granting:

A. A preliminary and/or permanent injunction restraining Walgreens, its officers, agents, servants, employees, directors, representatives, successors-in-interest, parent corporations, subsidiary corporations, affiliated companies, and all other persons, firms or entities acting in concert or participating with them, directly or indirectly, who receive actual notice of this judgment, from manufacturing, using, marketing, distributing, selling, offering to sell, and importing any molded footwear that infringes the '784 and/or '858 Patents;

B. An award to Crocs of its actual damages based on its claims in an amount according to proof;

C. An award to Crocs of the total profits received or derived by Walgreens from the manufacture, marketing, sale, offering for sale, and/or distribution of products bearing or using any copy or colorable imitation of the '784 Patent pursuant to 35 U.S.C. § 289;

D. A declaration that Walgreens' infringement and other wrongful acts herein alleged be determined deliberate, willful, and in conscious disregard of Crocs' rights pursuant to 35 U.S.C. § 284;

E. A declaration that this case is exceptional, and, in conjunction therewith, an award of reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285;

F. An award of treble damages against Walgreens pursuant to 35 U.S.C. § 284 as a

result of Walgreens' deliberate and willful infringement in conscious disregard of Crocs' rights;

    G.    Compensatory damages;

    H.    Pre-judgment and post-judgment interest as allowed by law; and

    I.    Such other and further equitable and legal relief as this Court deems just and proper.

## JURY DEMAND

Crocs hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 11th day of November, 2011.

    s/ Edwin P. Aro
    Edwin P. Aro, CO Atty No. 18698
    ARNOLD & PORTER LLP
    370 Seventeenth Street
    Suite 4500
    Denver, CO 80202-1370
    Telephone: (303) 863-1000
    Facsimile: 303-832-0428
    Ed.Aro@aporter.com

    *Attorneys for CROC, INC., Plaintiff*

**Plaintiff's Address:**

Crocs, Inc.
7477 E. Dry Creek Parkway
Niwot, Colorado 80503